**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

IGNACIO HUMBERTO FABIAN-
HURTADO,

    Defendant - Appellant.

No. 21-2117
(D.C. No. 2:21-CR-00723-WJ-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

In January 2018, Ignacio Humberto Fabian-Hurtado ("Defendant") was convicted

in the District of Arizona for illegally reentering the United States. The district court

imposed a sentence of 24 months' imprisonment followed by a 3-year term of supervised

release. Relevant to this appeal are two of Defendant's conditions of supervised release:

(1) that he not commit another federal, state, or local crime, and (2) that he not reenter

the United States without permission. In April 2021, the Government charged

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant in the District of New Mexico with illegally reentering the United States, in violation of 8 U.S.C. § 1326(a), (b)(1). Based on this charge, the U.S. Probation Office filed a petition to revoke his supervised release. In the interest of judicial efficiency, the District of Arizona transferred Defendant's supervised release case to the District of New Mexico. With both cases now before the District of New Mexico, Defendant pleaded guilty to the underlying illegal reentry charge and admitted that his illegal reentry violated the two relevant conditions of his supervised release. The district court sentenced defendant to 42 months' imprisonment for the underlying felony. *See* 18 U.S.C. § 1326 (a), (b)(1). The district court also revoked Defendant's supervised release and sentenced him to 12 months' imprisonment to be served consecutively to his 42-month sentence. Defendant timely appeals his sentence for violating the conditions of his supervised release. Exercising jurisdiction under 8 U.S.C. § 3742 and 28 U.S.C. § 1291, we grant counsel's motion to withdraw and dismiss this appeal.

Defendant's counsel filed an *Anders* brief. We have explained the nature of an *Anders* brief and the process of filing one as follows:

> The Supreme Court's decision in *Anders* authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

2

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (internal citations omitted) (citing *Anders v. California*, 386 U.S. 738, 744 (1967)).

Counsel's *Anders* brief identifies two potentially appealable issues. First, Defendant could argue that his revocation sentence is procedurally and substantively unreasonable. Second, Defendant could claim that the district court abused its discretion when imposing his revocation sentence consecutively to his 42-month illegal reentry sentence. Defendant did not exercise his right to file a response to counsel's *Anders* brief. After fully examining the record, we agree with Defendant's counsel that Defendant cannot raise any non-frivolous issues on which to appeal.

"When a defendant violates a condition of supervised release, the district court may, as it did here, revoke the term of supervised release and impose prison time." *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010) (citing 18 U.S.C. § 3583(e)(3)). The district court must consider the § 3553(a) factors as well as the policy statements within Chapter 7 of the Guidelines Manual when imposing a revocation sentence. *See id*. "The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Id*.

"We review the overall reasonableness of [any] sentence in two steps." *United States v. Gieswein*, 887 F.3d 1054, 1058 (10th Cir. 2018). "First, we ensure that the district court committed no significant procedural error." *Id.* (quotation omitted). "Our review of procedural reasonableness focuses on the manner in which the sentence was

3

calculated." *United States v. Sanchez-Leon*, 764 F.3d 1248, 1261 (10th Cir. 2014) (quotation omitted). When, as here, the defendant does not raise a procedural reasonableness objection before the sentencing court, we review for plain error. *See United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir. 2007). "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 1178.

Defendant's new reentry offense constituted a Grade B violation of his supervised release terms. *See* U.S.S.G. § 7B1.1(a)(2) (defining a Grade B violation as "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year"). With a criminal history category of IV, and a Grade B supervised release violation, the district court correctly calculated Defendant's advisory Guidelines range as 12–18 months. *See* U.S.S.G. § 7B1.4(a). Because the district court correctly calculated Defendant's Guidelines range, and sentenced him within it, we find no procedural error in this revocation sentence, much less one that is plain and affects Defendant's substantial rights. *See Romero*, 491 F.3d at 1178–79.

Next, we consider the substantive reasonableness of Defendant's sentence "under a deferential abuse-of-discretion standard." *Gieswein*, 887 F.3d at 1063 (quoting *United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014)). We find an abuse of discretion when the sentence imposed is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id*. at 1064 (quoting *Lente*, 759 F.3d at 1158). We presume a sentence to be substantively reasonable when the district court "properly considers the relevant

Guidelines range and sentences the defendant within that range." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* This "presumption is also appropriate in reviewing a revocation-of-supervised-release sentence within the range suggested by the Commission's policy statements." *United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011).

Here, we presume Defendant's sentence is substantively reasonable because the district court sentenced him to 12 months' imprisonment—the lowest sentence within the correctly calculated Guidelines range. *See Kristl*, 437 F.3d at 1055. In considering the § 3553(a) factors, the district court noted the seriousness of Defendant's prior criminal conduct and his habitual illegal reentry. Based on these considerations, the district court found a sentence of 12 months' imprisonment "sufficient, but not greater than necessary to satisfy the goals of sentencing on this supervised release violation." (ROA II at 16). Because the district court sentenced Defendant within the correctly calculated Guidelines range and sufficiently considered the §3553(a) factors when sentencing Defendant, we see nothing in the record that rebuts the presumption of substantive reasonableness afforded to this within-Guideline's sentence. We therefore conclude the district court did not abuse its discretion when sentencing Defendant.

Finally, we address whether the district court abused its discretion by imposing a consecutive sentence on Defendant. "Under 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive or concurrent sentences." *United States v.*

*Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006). Such discretion is guided by "the characteristics of the offense and the defendant, the need for deterrence and the protection of the public, and, in cases involving a violation of supervised release, 'the applicable guidelines or policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C § 3553(a)).

As indicated above, the district court noted the seriousness of Defendant's prior criminal conduct and his habitual illegal reentry when considering the § 3553(a) factors. The district court also considered Defendant's arguments for concurrent or evenly-split concurrent/consecutive sentences, but did not find them persuasive. As we have previously held, a "district court [is] well within its discretion to order [Defendant's] sentence for violation of his supervised release to run consecutively to his sentence for illegal reentry." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005). Accordingly, Defendant's sentence is not "arbitrary, capricious, whimsical, or manifestly unreasonable." *Gieswein*, 887 F.3d at 1064 (quoting *Lente*, 759 F.3d at 1158). The district court therefore did not abuse its discretion by imposing consecutive sentences on defendant. *See Rodriguez-Quintanilla*, 442 F.3d at 1256.

We conclude that the record in this case does not present any non-frivolous issues to appeal. Accordingly, consistent with *Anders*, 383 U.S. at 744, we GRANT defense counsel's motion to withdraw and DISMISS this appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge